(No. 3731— 

STANDARD OIL Co., (IND.), Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1943.*

H. E. SCHROEDER, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This is a claim by the Standard Oil Company of Indiana against the State of Illinois for petroleum products which the claimant alleges were furnished to the Division of Highways and the Division of State Police, for which it did not receive payment in due course.

In addition to the amended complaint the claimant files a bill of particulars which consists of nineteen schedules supported by proper affidavits. The schedules bear identifying numbers, but they are not in sequence. They are dated from April 30th, 1941, to July 6, 1942, totaling Two Hundred Thirty-seven Dollars and Seventy-eight cents ($237.78).

The case has been submitted upon stiplation of facts as contained in a report of the Division of Highways dated August 26, 1942:

The respondent acknowledges in said report that the following petroleum products totaling $186.42 were delivered by claimant and received by the Department of Police or Division of Highways:

Schedule number A, dated July 10th, 1941, amounting to $19.22; Schedule B, July 6th, 1942, $4.14; Schedule 10649, April 30th, 1941, $16.50; Schedule 10788, May 10th, 1941, $8.77; Schedule 10933, May 20th, 1941, $17.66; Schedule 11094, May 30th, 1941, $10.85; Schedule 11239, June 10th, 1941, $16.78; Schedule 11426, June 20th, 1941, $17.89; Schedule 11543, June 30th, 1941, $16.93; Schedule 11544, June 30th, 1941, $13.94; Schedule 11690, July 10th, 1941, $15.58; Schedule 11871, July 20th, 1941, $3.33; Schedule 420, August 10th, 1941, $2.88; Schedule 421, August 10th, 1941, $9.92; Schedule 422, August 10th, 1941, $4.16; Schedule 432, August 10th, 1941, $5.44; Schedule 424, August 10th, 1941, $8.00.

And respondent acknowledges that said products were as represented and the price the same as agreed upon at the time of purchase; that an appropriation existed and funds were available from which payments would have been made had the schedules been placed in line for payment before the expiration of the appropriation.

Considering schedule number 11818, dated July 10th, 1941, seeking an award of $49.05 the said report states:

"The Division of Highways has found that six items of purchase listed as having been delivered at Freeburg were made, but the 050 tickets were not received or the items otherwise scheduled for payment. The seven items listed as having been delivered at either Carlyle, Decatur or Collinsville, can not be verified in any manner by the Division. Neither employees nor accounting forces have any knowledge of receipt of the materials, or of having received 050 tickets covering the alleged purchases. The Division acknowledges that $19.22 is now due and owing claimant on this schedule."

The claimant is therefore entitled to an award on said schedule in the sum of Nineteen Dollars and Twenty-two Cents ($19.22).

Considering schedule "C" we again refer to the said report of the Division of Highways which is as follows:

"The purchase represented by this schedule can not be verified. No record exists of the officer who made the purchase, the equipment in which it was used, or receipt of an 050 ticket covering the purchase."

The court has repeatedly held that to charge the State with the cost of goods sold, it is essential that such sale be shown to have been made upon authority of someone duly authorized to make such purchase, or it must appear without question that the merchandise was actually received by some State Department or Institution, purchased in the regular and legal course of its operation. *Butler Brothers, a Corporation* vs. *State of Illinois*, 9 C. C. R. 243.

Applying the law as we find it we must conclude that the claimant has failed to produce convincing evidence that the merchandise claimed to have been sold by it to the respondent at Carlyle, Decatur or Collinsville as shown in that portion of schedule 11818 was received by respondent and the same reasoning and law must be applied to schedule "C" in toto.

An award is therefore made in favor of claimant in the sum of $205.64.